# IN THE COURT OF APPEALS OF IOWA

No. 16-0916
Filed February 22, 2017

**ANGELA A. DOSS and DUANE M. HUFFER,**
        Plaintiffs-Appellants,

**vs.**

**ZONING BOARD OF ADJUSTMENT FOR CITY OF AMES,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Story County, Gary L. McMinimee, Judge.

        Ames homeowners filed a petition for writ of certiorari challenging the decision about their backyard fence reached by the city's Zoning Board of Adjustment; the district court annulled the writ. **AFFIRMED.**

        Angela A. Doss and Duane M. Huffer, Ames, pro se appellants.

        Brent L. Hinders of Hopkins & Huebner, P.C., Des Moines, for appellee.

        Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**TABOR, Judge.**

This case started when the City of Ames received a complaint that homeowners Angela Doss and Duane Huffer were building a six-foot-tall fence in their backyard. The city inspected the fence project and notified the homeowners in a July 2014 letter that their ongoing project violated the fence ordinance.[1] A week later, the homeowners, both attorneys, responded in a letter to the city's legal department. According to the homeowners' reading of the ordinances, the fence was in compliance and if the city took further action, "we will have no choice but to pursue any and all legal options available to us." As the district court found, their letter "did not invite any reply." After another July inspection, the city sent a second violation letter in December 2014. The homeowners appealed to the Ames Zoning Board of Adjustment.

In March 2015, that Board met to consider the appeal. Doss explained the homeowners' position, while neighbors spoke against finding the fence complied with the ordinance. The Board unanimously denied the homeowners' appeal.

On April 9, 2015, the homeowners filed a petition for certiorari in the district court, advancing five allegations: (1) the Board misinterpreted the ordinance because it was not clear on its face whether the semicolon between (a) and (b) meant "and" (conjunctive) rather than "or" (disjunctive); (2) the city

---

[1] The fence ordinance provides, in relevant part:
> The maximum height of fences in any setback abutting a street right-of-way is four (4) feet, except that up to six (6) feet of fence is allowed in any side or rear setback if:
>> (a) The lot does not abut the front yard of any other residential property along the same side of the street;
>> (b) The fence is at least (5) feet from the property line abutting a street right-of-way.

Ames City Ordinance § 29.408(2).

enforced the ordinance inconsistently, only in response to complaints; (3) the city's delay before sending the December letter precluded enforcement on procedural grounds and laches; (4) the city's interpretation of the ordinance creates a notice issue in violation of due process; and (5) the city's fence ordinance conflicts with Iowa's partition-fence law.

The district court considered the homeowners' five alleged errors as their specification of "the grounds of the illegality" required for a certiorari action challenging the Board's decision.[2] *See* Iowa Code § 414.15 (2015). After a hearing, the court ruled the homeowners' partition-fence issue was not preserved for its review and resolved the other four alleged illegalities in favor of the Board, annulling the writ.

The homeowners timely appealed. We review the district court's decision for correction of errors at law. *Bontrager*, 748 N.W.2d at 495. The decision reached by a board of adjustment enjoys a strong presumption of validity. *Ackman v. Bd. of Adjustment*, 596 N.W.2d 96, 106 (Iowa 1999) (explaining that where the reasonableness of the board's action is "open to a fair difference of opinion, the court may not substitute its decision for that of the board"). Our role as a reviewing court is not to exercise the agency's underlying discretion but to resolve the homeowners' legal claims as raised in their petition for writ of

---

[2] The homeowners' trial brief expanded their petition's "illegalities," but the district court did not address those matters, correctly stating it "can only consider those questions of illegality 'specified' in the [p]etition." *See Bontrager Auto Serv. Inc. v. Iowa City Bd.*, 748 N.W.2d 483, 492 (Iowa 2008). As the homeowners did not file a post-trial motion asking the court to rule, those claims are not before us. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

certiorari. *See Leddy v. Bd. of Adjustment*, No. 14-0781, 2015 WL 1331521, at *8 (Iowa Ct. App. Mar. 25, 2015).

Assuming error is preserved, we find no merit to the homeowners' accusation the district court was biased in favor of the city. As to the homeowners' other claims, we agree with the district court's well-reasoned decision to annul the writ. We affirm by memorandum opinion under Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**